The People of Puerto Rico, Plaintiff and Appellee, v. Silá Ortiz, Defendant and Appellant.

No. 8032. Argued July 1, 1940.—Decided July 26, 1940.

458

*Ernesto Juan Fonfrías* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

A police officer, Juan del Toro, filed a complaint against Silá Ortiz and Castel Ortiz charging that "on November 28, 1938, at 11:50 p.m., in Palmer Street of Las Marías . . . they did unlawfully, maliciously, and wilfully disturb the peace . . . of the immediate neighborhood . . . being intoxicated . . . causing a great commotion and uttering obscene words" which were specified.

The case came on appeal before the District Court of Mayagüez, as to Silá Ortiz, and it having been set for trial on September 30, 1939, the People appeared represented by the district attorney "without the appearance of the defendant or his attorney." The court ordered that the trial be proceeded within the absence of the defendant and, after such trial, it rendered judgment finding the defendant guilty of the offense charged against him and sentencing him to three months in jail.

Thereupon Ortiz took an appeal to this court. He claims that the district court erred in convicting him without due process of law, in denying to him the equal protection of the laws guaranteed by the Constitution and the Organic Act, in construing the notice of trial, and in weighing the evidence with passion, prejudice, and partiality.

In his argument under the first assignment of error the appellant cites the second paragraph of section 2 of the Organic Act of Puerto Rico and the Sixth Amendment to the Constitution of the United States, which recognizes to the accused in all criminal prosecutions the right to have the

assistance of counsel for his defense, to be confronted with the witnesses against him, and to have compulsory processes for obtaining witnesses in his favor. He also cites the cases of *People* v. *Vargas*, 44 P.R.R. 150, and *Ex parte Hernández*, 54 P.R.R. 396.

In our judgment, the determination of said first assignment depends upon whether or not the second error assigned was committed, that is, whether or not the accused was duly served with notice of trial. We will, therefore, proceed first to consider and decide the second assignment of error.

The notice of trial was as follows:

"In the District Court for the Judicial District of Mayagüez, P. R.—United States of America—The President of the United States—ss.—The People of Puerto Rico v. Silá Ortiz—Criminal No. 10,990—Breach of the Peace—Notice of trial to accused—The People of Puerto Rico to Silá Ortiz, Ward of Furnias—Las Marías—You are hereby summoned to appear before this Hon. District Court for the Judicial District of Mayagüez, Puerto Rico, in the court house building in this city on the 30th day of September, 1939, at 8:00 a. m., for trial in the criminal proceedings instituted by 'The People of Puerto Rico' against you for the offense of breach of the peace.—You are warned that upon your failure to appear the bail bond furnished will be forfeited and in addition a warrant of arrest will be issued against you.—Let notice of this be served on the sureties Eustaquio Ramos, Las Marías, and Lauro González, Las Marías, for the proper purposes.—By order of the court.—Issued under my hand and the seal of the court, at Mayagüez, P. R., this 19th day of September, 1939.—(Signed) Pascual Frank Paganacci, Clerk. (Official seal of the court.) (Signed) Lauro González— Eustaquio Ramos—Silás Ortiz."

The essence of appellant's argument against the sufficiency of the notice for the purpose of holding the trial in the absence of the accused, is that, as the notice contained no warning that if the defendant failed to appear the trial would be held in his absence, and that as, on the contrary, it only contained a warning that if he failed to appear the bail bond would be forfeited and his arrest ordered, the trial

could not be held in his absence, the power of the court being limited to decreeing the forfeiture of the bond and ordering the arrest of the defendant.

No law has been cited to us, nor have we independently been able to find any, which provides that when an accused is summoned for trial he must be warned that if he fails to appear the trial will be had in his absence. When the law-maker has deemed some such warning necessary, he has taken care to ordain it expressly. See, for example, the second paragraph of section 5 of the Unlawful Detainer Act, of March 9, 1905 (Comp. Stat. 1911, secs. 1625–1644).

A person is summoned to appear before a court. If he fails to do so, he knows what are the consequences thereof to him under the law. If the summons is for the holding of a trial, it seems natural that the trial should be held in his absence if he fails to appear, unless the law directs that the same can not be had in his absence, and the law not only does not so direct but it expressly provides that in cases of misdemeanors "the trial may be had in the absence of the defendant."

Section 179 of the Code of Criminal Procedure says:

"Section 179.—If the prosecution be for a felony, the defendant must be personally present at the trial; but if for misdemeanor, the trial may be had in the absence of the defendant; if, however, his presence is necessary for the purpose of identification, the court may, upon application of the prosecuting attorney, by an order or warrant, require the personal attendance of the defendant at the trial."

And section 311 of the same code provides:

"Section 311.—For the purpose of judgment, if the conviction is for felony, the defendant must be personally present; if for a misdemeanor, judgment may be pronounced in his absence."

The appellant in his argument insists that all that could be done in a case like the present, in view of the language in which the notice was drafted, was to forfeit the bail bond

and to order the arrest of the accused, and that the arrest is not consistent with the holding of the trial.

We think that he is wrong. The defendant was at large by virtue of the bail bond furnished by him. By that undertaking he and his sureties bound themselves to obey the orders received from the court, hence the fact that the notice was also addressed to the sureties. Upon the disobedience of the order relating to the summons for trial, the court acted correctly in decreeing the forfeiture of the bond and in ordering the arrest of the accused. The court in its discretion could have postponed the trial and notwithstanding this the arrest would have had the effect of depriving the defendant of his temporary liberty.

In the brief it is suggested that the defendant failed to appear because he was ill. If a just cause existed for his failure to appear he could well have informed the court accordingly and requested it to set aside its judgment. He did nothing. We must conclude that the second error assigned was not committed.

On the basis that the trial could have been had as it was had in the absence of the defendant, the consideration and decision of the first assignment of error becomes a simple matter.

The Constitution and the Organic Act acknowledge a right to the defendant. Such a right may be waived, as is acknowledged in the very cases cited by the appellant. If the defendant fails to appear with knowledge that he can be tried in his absence, what other construction can be placed upon his conduct than that of a waiver of his right to be present to confront the witnesses against him, and to have counsel appointed for his defense? None whatever, we think, except that his failure to appear may be involuntary or due to *force majeure,* in which case he may subsequently request the court to relieve him from the judgment and to order the holding of a new trial, it being within the power of the court to grant such request if it is convinced of the

truth of the facts alleged in support thereof. Hence, the first error assigned was not committed, either.

The third and last assignment refers to the weighing of the evidence. The appellant maintains that it is insufficient and that, in any event, it does not justify the penalty imposed. We have examined it and consider it as sufficient. As to the penalty, it really seems to us excessive. The prosecuting attorney himself concludes his brief by requesting that the sentence be modified in the sense of making it milder. This is a case where two intoxicated individuals created a disturbance at night on a street of a town, uttering insulting words against a high public officer of the Island, who was not present, without there being any riot nor without the act having any other consequences than the natural disturbance of the peace of the neighborhood and the prompt arrest of the culprits. We think that thirty days in jail, with credit for the time previously spent in confinement, are sufficient punishment for the offense, and the judgment should be modified in that sense and, as so modified, affirmed.

Mr. Justice De Jesús took no part in the decision of this case.